UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ENEKAN EDO,

                       Plaintiff,

-against-

DETECTIVE MARTINI; DETECTIVE GALLEGHER;
ASSISTANT DISTRICT ATTORNEY JACQULINE
RIZK,

                       Defendants.
---------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-202 (CBA) (SMG)

**AMON, Chief United States District Judge:**

Plaintiff Enekan Edo, currently incarcerated at Mid-State Correctional Facility, brings the instant pro se action pursuant to 42 U.S.C. § 1983. By order dated January 12, 2015, the United States District Court for the Southern District of New York transferred the action to this Court. Edo's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, Edo's § 1983 claims against defendant Assistant District Attorney Jacquline Rizk ("A.D.A. Rizk") are dismissed without leave to amend. Edo's remaining claims against all defendants may proceed as construed by the Court.

## BACKGROUND

Edo alleges that, on July 5, 2012, Detectives Martini and Gallagher of the 113th Precinct of the New York City Police Department ("NYPD") entered and searched his residence without a warrant and assaulted him during the course of his arrest. (Compl. ¶¶ 1–3.) Specifically, Edo alleges that Detectives Martini and Gallegher punched him in his "face and upper body," and that Detective Martini "dragged" him out of his house before searching the residence without a warrant. (Id. ¶¶ 2–4). Edo further alleges that Detectives Martini and Gallegher searched and seized his car

1

without a warrant, subsequently transferring custody of the car to A.D.A. Rizk. (Id. ¶¶ 5, 6.) In December 2012, A.D.A. Rizk stated in court that Edo's car had been destroyed during Hurricane Sandy and that Edo would not get his car back. (Id. ¶¶ 6, 7.) Edo seeks monetary damages for the destruction of his car and for injuries caused by the alleged misconduct of Detectives Martini and Gallegher.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(a), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996) mandates sua sponte dismissal of frivolous prisoner complaints).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). To avoid dismissal, a plaintiff must state a claim that is "plausible on its face" by alleging sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although a pro se complaint must contain sufficient factual allegations to meet the plausibility standard, it is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas v.

Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

## DISCUSSION

The Court liberally construes Edo's complaint as asserting the following claims: (1) against A.D.A. Rizk, deprivation of property without due process of law under 42 U.S.C. § 1983 and state tort claims for negligence, trespass, and conversion, and (2) against Detectives Martini and Gallegher, § 1983 claims for illegal search and seizure and excessive force, as well as related state law claims for excessive force, assault and battery, and trespass. For the following reasons, Edo's § 1983 claims against A.D.A. Rizk are dismissed without leave to amend. Edo's remaining claims may proceed.

### I. Claims Against A.D.A. Rizk

Edo alleges that A.D.A. Rizk accepted custody of his car from Detectives Martini and Gallegher, and "stated on record at court that [Edo's car] was destroyed and there's no way that [Edo] can get it back." (Compl. ¶¶ 6, 7.) The Court liberally construes these allegations as raising a § 1983 claim for deprivation of property without due process of law in violation of the Fourteenth Amendment, as well as related state law claims for negligence, trespass, and conversion.

Although it is not clear whether Edo is suing A.D.A Rizk in her official or personal capacity, Edo's § 1983 claim against A.D.A. Rizk fails in either scenario. It is well established that a due process claim arising from a property deprivation is not "redressable under § 1983 if 'adequate state post-deprivation remedies are available.'" Davis v. New York, 311 F. App'x 397, 400 (2d Cir. 1999) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). Such a post-deprivation remedy is available to Edo "in the form of state law causes of action for negligence, replevin, or conversion." See Cantave v. N.Y.C. Police Officers, No. 09-CV-2226 (CBA)(LB), 2011 WL 1239895, at *7 (E.D.N.Y. Mar. 28, 2011) (quoting Dove v. City of New York, No. 99-CV-3020

3

(DC), 2000 WL 342682, at *3 (S.D.N.Y. Mar. 30, 2000)) (dismissing deprivation of property claims); Belton v. City of New York, No. 05-CV-2937 (DGT), 2005 WL 2133593, at *2–3 (E.D.N.Y. Sept. 1, 2005) (dismissing similar claims pursuant to 28 U.S.C. § 1915(e)). Accordingly, regardless of whether Edo is suing A.D.A. Rizk in her official or personal capacity, any § 1983 claims arising from the destruction of Edo's car are dismissed.[1]

Moreover, to the extent that Edo attempts to impose liability against the municipality by suing A.D.A. Rizk in her official capacity, see McMillian v. Monroe Cnty., 520 U.S. 781, 785 n.2 (1997) ("[A] suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent." (internal quotations and citations omitted)), he has failed to state a claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694–95 (1978). To state a § 1983 claim against a municipal entity, Edo must allege that he was deprived of rights guaranteed by the Constitution or federal law as the result of a municipal "policy or custom." Miller v. Cnty. of Nassau, 467 F. Supp. 2d 308, 313 (E.D.N.Y. 2006) (quoting Monell, 436 U.S. at 694–95). In this case, the complaint contains no facts suggesting the existence of a policy, custom, or practice that would expose the municipality to liability.[2]

For these reasons, amendment to any § 1983 claims arising from the destruction of Edo's

---

[1] To the extent that the alleged actions were within the scope of A.D.A. Rizk's prosecutorial role, the Court also notes that absolute immunity would shield A.D.A. Rizk from any resulting claims. See Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (quoting Imbler v. Pachtman, 424 U.S. 409, 410, 431 (1976)) (" '[A] state prosecuting attorney who acted within the scope of [her] duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983.' "). The Court does not decide the issue of prosecutorial immunity, however, because "it may not be gleaned from the complaint whether the conduct objected to was performed" within the scope of A.D.A. Rizk's prosecutorial responsibilities. Hill v. City of New York, 45 F.3d 653, 663 (2d Cir. 1995) (holding that, if the court lacks adequate facts to determine whether the prosecutor was acting within the scope of her duties, "the availability of absolute immunity from claims based on such conduct cannot be decided as a matter of law").

[2] Moreover, to the extent that the alleged actions were within the scope of A.D.A. Rizk's prosecutorial role, the Eleventh Amendment protects the district attorney's office from liability. See, e.g., Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (Eleventh Amendment bars claims against district and assistant district attorneys acting in their official capacities); see also Reid v. Schuman, 83 F. App'x 376, 377 (2d Cir. 2003) (citing Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993)) (Eleventh Amendment immunity shields the district attorney's office because "when a District Attorney is prosecuting a criminal matter, she represents the State, not the municipality").

car—whether against A.D.A. Rizk or the municipality—would be futile, and this claim is dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006) ("[L]eave to amend a complaint may be denied when amendment would be futile."). To the extent that the Court construes Edo's claims against A.D.A. Rizk as giving rise to state law tort claims related to his remaining federal claims, however, those claims may proceed. See 28 U.S.C. § 1367(a).

## II. Claims Against Detectives Martini and Gallegher

Edo alleges that during the course of his arrest, Detectives Martini and Gallegher "punch[ed] [Edo] in [his] face and [] upper body," and that Detective Martini "dragged [Edo] out of [the] house." (Compl. ¶¶ 2, 3.) Edo also appears to allege that the detectives' search of his home, as well as the subsequent search and seizure of his car, was unlawful. (Compl. ¶¶ 1, 4–5.) The Court liberally construes these allegations as § 1983 claims for illegal search and seizure and excessive force in violation of the Fourth Amendment, as well as related state law claims for excessive force, assault and battery, and trespass. Edo's § 1983 and related state law claims against Detectives Martini and Gallegher may proceed as so construed by the Court.

Edo also alleges that he suffered violations of his rights under the Eighth Amendment. (Addendum to Compl. at 5.) The Eighth Amendment, however, does not apply until "after conviction and sentence." United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999) (citing Graham v. Connor, 490 U.S. 386, 392 n.6 (1989)). Because the incidents alleged in Edo's complaint occurred in connection with his arrest and post-arrest detention, not after conviction and sentence, the Eighth Amendment does not apply. To the extent Edo alleges that the detectives used excessive force in the course of arresting him, that claim is properly brought pursuant to the Fourth Amendment's "reasonableness" standard and may proceed. See Graham, 490 U.S. at 394

("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment. . . .").

## CONCLUSION

For the reasons set forth above, Edo's § 1983 claims against A.D.A. Rizk are dismissed. Edo's remaining claims against all defendants may proceed as construed by the Court. The United States Marshals Service is directed to serve the summons and complaint upon defendants A.D.A. Rizk of the Queens County District Attorney's Office, and Detectives Martini and Gallegher of the 113th NYPD precinct in Queens, New York, without prepayment of Edo's fees. A courtesy copy of the complaint and this order shall be served upon the Corporation Counsel for the City of New York, Federal Litigation Unit. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

/S/ Chief Judge Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
June 12, 2015