UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ENEKAN EDO,

           Plaintiff,

-against-

DETECTIVE RONALD MARTINY;
DETECTIVE DANIEL GALLAGHER; and
ASSISTANT DISTRICT ATTORNEY
JACQUELINE RIZK,

           Defendants.
------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-202 (CBA) (SMG)

**AMON, United States District Judge:**

On November 10, 2014, plaintiff Enekan Edo commenced this action against Detectives Ronald Martiny and Daniel Gallagher of the New York City Police Department and Assistant District Attorney Jacqueline Rizk of the Queens County District Attorney's Office (collectively "defendants"). (D.E. # 1 ("Compl.").) On August 26, 2016, upon referral by this Court, Magistrate Judge Steven M. Gold issued a Report and Recommendation ("R&R") recommending that the Court grant summary judgment in favor of defendants. (D.E. # 77 ("R&R").) For the reasons stated below, the Court adopts the R&R as the opinion of the Court and denies Edo leave to file an amended complaint.

## BACKGROUND

### I. Edo's Previous Litigation

On September 27, 2013, Edo filed a lawsuit pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of New York ("Edo I"), bringing claims against various New York City employees. See Edo v. Caputo et al., No. 13-CV-5486 (JMA) (E.D.N.Y. filed Sept. 27, 2013), D.E. # 1. The Edo I lawsuit settled between the City of New York and Edo on November 7, 2014, and the parties filed a stipulation of dismissal, which was so ordered by the

1

Honorable Joan M. Azrack. (See id., D.E. # 44–45.) As part of the settlement agreement, Edo agreed to release the City of New York and all of its employees from any and all claims that preceded the date of the General Release. (See D.E. # 40-1.) The release states in relevant part:

> I, Enekan Edo . . . do hereby release and discharge . . . the City of New York; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of Corporation Counsel, collectively the "RELEASEES," from any and all liability, claims, or rights of action alleging a violation of my civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release . . . .

(Id.) This General Release was executed on November 7, 2014. (Id.)

## II. The Present Action

In his complaint in this action, Edo brings claims pursuant to 42 U.S.C. § 1983, alleging that: (1) Martiny and Gallagher falsely arrested him on July 5, 2012, (id. ¶¶ 1–3); (2) Martiny and Gallagher unlawfully searched his house and confiscated his car, (id. ¶¶ 4–5); and (3) as a result of Rizk's negligence, his car was destroyed in Hurricane Sandy, (id. ¶¶ 6–7). The complaint also raises state law claims for negligence, trespass, and conversion against Rizk. (Id. ¶¶ 6–7.) By order dated June 12, 2015, the Court sua sponte dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), all of Edo's § 1983 claims against Rizk. (D.E. # 16.) The defendants subsequently filed a motion to dismiss the complaint, (D.E. # 40), which the Court referred to the Honorable Steven M. Gold, United States Magistrate Judge, for report and recommendation, (D.E. dated June 16, 2016).

## III. The Report and Recommendation

Defendants moved to dismiss Edo's complaint, arguing that Edo's claims are not legally feasible because he executed a general release after the events giving rise to his claims in the instant lawsuit. (D.E. # 40 at 8–9.) In accordance with Local Rule 12.1, defendants served and filed a notice informing Edo that defendants submitted materials outside the pleadings in support of their

motion to dismiss and that the Court may treat their motion as a motion for summary judgment. (D.E. # 41, 43.)

In his opposition to defendants' motion, Edo did not dispute signing the release, nor did he address the effect of the release on the viability of his claims. Rather, Edo merely argued that because the release is evidence outside of his pleading, it could only be considered in connection with a motion for summary judgment—not at the motion-to-dismiss stage. (D.E. # 72 at 2.) Defendants argued the Court could take judicial notice of the release, (D.E. # 40 at 5–6), but Magistrate Judge Gold declined to do so because the release was not itself part of the record in Edo I, (R&R at 4 (explaining that "it would be improper to take judicial notice of a general release that was not part of the record in Edo I.")). Instead, Magistrate Judge Gold recommended that defendants' motion to dismiss be converted into a motion for summary judgment and that summary judgment be entered in favor of defendants. (Id. at 5–8.)

Three days after Magistrate Judge Gold issued the R&R, Edo filed an amended complaint, (D.E. # 79), without leave of the Court to do so. Edo's proposed amended complaint did not include any new causes of action. Defendants subsequently filed a motion to strike the amended complaint for Edo's failure to comply with Federal Rule of Civil Procedure 15. (D.E. # 81.)

## STANDARD OF REVIEW

To the extent that a party makes specific objections to a magistrate judge's findings, the court must make a de novo determination. Arista Records, LLC v. Doe, 604 F.3d 110, 116 (2d Cir. 2010); Fed. R. Civ. P. 72(b). In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). "In this district and circuit, it is established law that a district judge will not consider new arguments raised in

objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Illis v. Artus, No. 06-CV-3077 (SLT) (KAM), 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) (quoting Sci. Components Corp. v. Sirenza Microdevices, Inc., No. 03-CV-1851 (NGG) (RML), 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006)).

## DISCUSSION

In light of Edo's objections, the Court has undertaken a de novo review of the full record, including the applicable law, the underlying record, the parties' submissions on the instant motion, the R&R, Edo's objections to the R&R, and defendants' submission in support of the R&R. See 28 U.S.C. § 636(b)(1)(C).

In his objections to the R&R, Edo argues that the General Release executed on November 7, 2014, and arising from the settlement of Edo I, does not preclude his claims in this case because "Rule 20(a) would not have permitted [Plaintiff] to allege his cruel and unusual claim against the Defendants in, Edo I, because the claim is unrelated to the claim he asserted in Edo I and brought against different defendants." (D.E. # 84 ("Pl. Obj.") at 5.) Edo's arguments are unavailing for three reasons. First, Edo did not previously raise this argument in his opposition to defendants' motion and raises it for the first time in his objection to the R&R, so the Court cannot properly consider this argument now. See Gutman v. Klein, No. 03-CV-1570 (BMC) (RML), 2010 WL 4916722, at *5 (E.D.N.Y. Nov. 24, 2010) ("Filing objections to a report and recommendation is not the tool for mopping up any inadvertent omissions."). Second, Edo's complaint does not include allegations of "cruel and unusual punishment," nor can such arguments be inferred from the language of the complaint.

Third, and most significantly, as the Magistrate Judge found, Edo's claims are barred by the release he signed in Edo I. Edo objects to the R&R's conclusion that his claims are barred by

the release because the instant matter involves different causes of action from those in Edo I. (Pl. Obj. at 4–7.) The release, however, states that "the City of New York; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of Corporation Counsel," are released and discharged from "any and all" civil rights claims "from the beginning of the world to the date of this General Release." (D.E. # 40-1.) Therefore, the release in Edo I is not limited to allegations that were raised or could have been raised specific to the Edo I lawsuit. The cases cited by Edo in support of his arguments, (see Pl. Obj. at 4–7), are inapposite because they involve releases with narrower language than the one at issue here. Accordingly, after de novo review and upon consideration of Edo's objections, this Court hereby adopts, in its entirety, the findings and rationale articulated in the thorough and well-reasoned R&R.

After Magistrate Judge Gold filed the R&R, Edo filed an amended complaint. (D.E. # 79.) Although filing an unauthorized amended complaint is not the proper procedure for seeking leave to amend under Federal Rule of Civil Procedure 15(a), the Court liberally construes Edo's filing as a request for leave to amend. Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). A motion for leave to amend should be denied only for good reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). Whether to grant a motion to amend is a matter left to the discretion of the Court. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Here, a review of Edo's proposed amended complaint indicates that amendment would be futile. Edo's proposed amended complaint does not allege any

new causes of action and the claims remain the same as those in his initial pleading, which Magistrate Judge Gold determined are barred by the release in Edo I. Since Edo's proposed amendment would therefore be futile, leave to amend is denied. See Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006).

## CONCLUSION

For these reasons, the Court adopts the R&R and denies Edo leave to file an amended complaint. The Clerk of Court is directed to enter judgment accordingly and to close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: February 28, 2017
Brooklyn, New York

s/ Carol B. Amon
_____
Carol Bagley Amon
United States District Judge